UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | |
|---|---|
| PETER T. ROUKIS, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | No. 2:15-cv-96-JMS-WGH |
| ) | |
| SUPERINTENDENT, Federal ) | |
| Correctional Complex, ) | |
| ) | |
| Respondent. ) | |

**Entry Dismissing Action and Directing Entry of Final Judgment**

**I.**

The petitioner is confined in this District and was given a period of time in which to show cause why this action should not be dismissed as improper following the adjudication of his habeas claim in *Roukis v. United States*, No. 10 CIV. 2219 RA DF, 2013 WL 9889920, at *14 (S.D.N.Y. Jan. 23, 2013) *report and recommendation adopted as modified sub nom. Roukis v. U.S. Army*, No. 10-CV-2219-RA, 2014 WL 6238416 (S.D.N.Y. Nov. 14, 2014).

The petitioner responded through his filing of July 1, 2015, in which he acknowledged the prior habeas action and reviewed his claims. What he did not do, however, was to directly address the task he was given—to explain why he should be permitted another habeas action. In order to assure the petitioner of the fullest opportunity to save this action from summary dismissal he was given a further period of time in which to show cause why the disposition of the prior habeas action in the Southern District of New York should not result in the dismissal of the present action. That time has expired and no further response was filed.

The petitioner's habeas claim is the same which was presented—also pursuant to § 2241—and rejected in the decision referenced above. The present action is repetitious of the habeas action just referenced. He cannot use 28 U.S.C. § 2241 in this fashion. *See* 28 U.S.C. § 2244(a); *Valona v. United States,* 138 F.3d 693, 694 (7th Cir. 1998).

Federal courts are authorized to dismiss summarily any habeas petition that appears legally insufficient on its face." *McFarland v. Scott*, 512 U.S. 849, 856 (1994). Accordingly, a habeas petition "should be denied at once if the issues it raises clearly have been forfeited or lack merit under established law." *O'Connor v. United States,* 133 F.3d 548, 551 (7th Cir. 1998). For the reason explained above, this is an appropriate case for such a disposition. The habeas petition shows on its face that the petitioner is not entitled to the relief he seeks. The habeas petition is therefore **denied** and this action is **dismissed.**

## II.

Judgment consistent with this Entry shall now issue.

IT IS SO ORDERED.

Date: 08/17/2015

*[signature: Jane E. Magnus-Stinson]*

Hon. Jane Magnus-Stinson, Judge
United States District Court
Southern District of Indiana

Distribution:

Peter T. Roukis
Reg. No. 17364-045
Terre Haute - U.S. Penitentiary
Inmate Mail/Parcels
P.O. Box 33
Terre Haute, IN 47808