UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | | |
|---|---|---|
| PETER ROUKIS, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| vs. | ) | No. 2:15-cv-00096-JMS-WGH |
| | ) | |
| SUPERINTENDENT, Federal | ) | |
| Correctional Complex, | ) | |
| | ) | |
| Respondent. | ) | |

**E N T R Y**

**I.**

This action for habeas corpus relief brought by a federal prison confined in this District was dismissed with prejudice on August 17, 2015. The Entry accompanying the Judgment contains the following explanation:

> The petitioner is confined in this District and was given a period of time in which to show cause why this action should not be dismissed as improper following the adjudication of his habeas claim in *Roukis v. United States*, No. 10 CIV. 2219 RA DF, 2013 WL 9889920, at *14 (S.D.N.Y. Jan. 23, 2013) *report and recommendation adopted as modified sub nom. Roukis v. U.S. Army*, No. 10-CV-2219-RA, 2014 WL 6238416 (S.D.N.Y. Nov. 14, 2014).

> The petitioner responded through his filing of July 1, 2015, in which he acknowledged the prior habeas action and reviewed his claims. What he did not do, however, was to directly address the task he was given—to explain why he should be permitted another habeas action. In order to assure the petitioner of the fullest opportunity to save this action from summary dismissal he was given a further period of time in which to show cause why the disposition of the prior habeas action in the Southern District of New York should not result in the dismissal of the present action. That time has expired and no further response was filed.

>The petitioner's habeas claim is the same which was presented—also pursuant to § 2241—and rejected in the decision referenced above. The present action is repetitious of the habeas action just referenced. He cannot use 28 U.S.C. § 2241 in this fashion. *See* 28 U.S.C. § 2244(a); *Valona v. United States,* 138 F.3d 693, 694 (7th Cir. 1998)

No appeal was filed from the disposition in this case and no post-judgment motion was filed until the petitioner filed a motion for reconsideration on November 19, 2015. That is the motion addressed in this Entry.

## II.

A litigant subject to an adverse judgment, and who seeks reconsideration by the district court of that adverse judgment, may "file either a motion to alter or amend the judgment pursuant to Fed.R.Civ.P. 59(e) or a motion seeking relief from the judgment pursuant to Fed.R.Civ.P. 60(b)." *Van Skiver v. United States,* 952 F.2d 1241, 1243 (10th Cir. 1991). In the present case, the post-judgment motion was filed many months beyond the 28 calendar day deadline to file a motion to alter or amend judgment. Accordingly, the motion is treated as a motion for relief from judgment pursuant to Rule 60(b) of the *Federal Rules of Civil Procedure. Hope v. United States*, 43 F.3d 1140, 1143 (7th Cir. 1994) (citing *United States v. Deutsch*, 981 F.2d 299, 301 (7th Cir. 1992)).

"'Rule 60(b) relief is an extraordinary remedy and is granted only in exceptional circumstances.'" *Karraker v. Rent—A–Center, Inc.,* 411 F.3d 831, 837 (7th Cir. 2005) (quoting *Cincinnati Ins. Co. v. Flanders Elec. Motor Serv., Inc.,* 131 F.3d 625, 628 (7th Cir. 1997)). "A Rule 60(b) motion permits relief from judgment when it is based on one of six specific grounds listed in the rule." *Talano v. Northwestern Medical Faculty Foundation, Inc.,* 273 F.3d 757, 762 (7th Cir. 2001). A motion for relief from judgment pursuant to Rule 60(b) permits a party to seek relief from judgment on the grounds of mistake, inadvertence, excusable neglect, newly discovered evidence, and fraud. *American Federation of Grain Millers, Local 24 v. Cargill Inc.,* 15 F.3d 726,

728 (7th Cir. 1994). It also authorizes relief for "any other reason justifying relief from the operation of the judgment." Rule 60(b), **F.R.Civ.P.**

The petitioner's motion includes the supplement to his filing of July 1, 2015. This has not been previously submitted. The court accepts the petitioner's submission that the failure to cause this document to be filed previously was the result of mistake and excusable neglect.

It takes more for the petitioner to receive the relief he seeks, however. In order for a Rule 60(b) movant to obtain the relief requested, he must show that he had both grounds for relief, *Fed. R. Civ. P.* 60(b)(1)-(5), and a meritorious claim or defense. *Breuer Electric Mfg. Co. v. Toronado Systems of America, Inc.,* 687 F.2d 182, 185 (7th Cir. 1982). The petitioner's motion for relief from judgment falls short regarding this latter element.

As noted above, the habeas claim here was presented in the prior action in the Southern District of New York. The habeas claim was rejected on the merits in that prior action. This court found that "[t]he present action is repetitious of the habeas action just referenced." The motion for relief from judgment is bottomed on the petitioner's concern that he will be unable to obtain relief if this court does not set aside its Judgment of August 17, 2015. This is true, but does not suggest that the dismissal of the action as repetitious was improper, and the court is unable to find support for that proposition. Even if it could, it would be based on an argument available on appeal, and "[t]he ground for setting aside a judgment under Rule 60(b) must be something that could not have been used to obtain a reversal by means of a direct appeal." *Bell v. Eastman Kodak Co.,* 214 F.3d 798, 800–01 (7th Cir. 2000).

It is established that standard principles of res judicata and collateral estoppel do not apply in habeas proceedings. *See Sanders v. United States,* 373 U.S. 1, 6–7 (1963). However, as amended by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), 28 U.S.C. § 2244

provides, in relevant part: "(a) No circuit or district judge shall be required to entertain an application for a writ of habeas corpus to inquire into the detention of a person pursuant to a judgment of a court of the United States if it appears that the legality of such detention has been determined by a judge or court of the United States on a prior application for a writ of habeas corpus, except as provided in section 2255." This court's colleague Judge Lawrence recently considered a 28 U.S.C. § 2241 habeas petition in which claims previously presented and adjudicated in collateral proceedings were once again presented, and in doing so explained that "28 U.S.C. § 2244(a) prevents a federal inmate from utilizing § 2241 to challenge the validity of a federal court conviction or sentence which has previously been presented to the federal court for determination, such as when challenged by way of federal collateral review." *Farrugia v. Warden, USP-Terre Haute*, No. 2:13-CV-104-WTL-MJD, 2015 WL 1565008, at *5 (S.D.Ind. Apr. 7, 2015). Doing so was entirely appropriate.

> The United States Court of Appeals for the Second, Seventh and Ninth Circuits have held or noted in published opinions that § 2244(a) bars successive petitions under § 2241 directed to the same issue. *Chambers v. United States,* 106 F.3d 472, 475 (2d Cir. 1997) (applying § 2244(a) to dismiss a second or successive § 2241 petition seeking to re-litigate a federal prisoner's claim which had been asserted and denied in a prior § 2241 petition); *see Simon v. United States,* 359 F.3d 139, 143 n. 7 (2d Cir. 2004) (discussing *Chambers*); *Valona v. United States,* 138 F.3d 693, 695 (7th Cir. 1998) (noting that § 2244(a) bars successive petitions under § 2241 "directed to the same issue concerning execution of a sentence"); *Barapind v. Reno,* 225 F.3d 1100, 1111 (9th Cir. 2000). The Tenth Circuit has concurred in unpublished opinions. *Jackson v. Morris,* 8 F.App'x 890 (10th Cir. 2001) (unpublished); *Gibson v. Knowles,* 166 F.3d 1220 (10th Cir. 1999) (Table). Similarly, prior to the enactment of the AEDPA amendments, several circuit courts held that where a petitioner filed a previous § 2241 petition which was dismissed on the merits, § 2244(a) barred a second § 2241 habeas petition. *See George v. Perrill,* 62 F.3d 333, 334–35 (10th Cir. 1995); *Glumb v. Honstead,* 891 F.2d 872, 873 (11th Cir.1990); *Poyner v. United States Parole Comm'n,* 878 F.2d 275, 277 (9th Cir. 1989); *Sacco v. United States Parole Comm'n,* 639 F.2d 441, 442–43 (8th Cir. 1981). The AEDPA amendments do not alter the reasoning of these circuits in applying § 2244(a) to bar a successive § 2241 petition.

*Edwards v. Perdue*, No. 5:14CV136, 2015 WL 2354702, at *2 (N.D.W.Va. Apr. 30, 2015). In this case, the petitioner faced not only a statutory bar, but his petition was subject to dismissal as an abuse of the writ. *See, e.g., Davis v. Fechtel,* 150 F.3d 486, 491 (5th Cir. 1998) ("we need not determine whether the gate-keeping provisions of the AEDPA [apply to Petitioner's third § 2241 petition] because it clearly constitutes an abuse of the writ either under our pre-or post-AEDPA jurisprudence."); *Shore v. Warden, Stateville Prison,* 942 F.2d 1117, 1123 (7th Cir. 1991) (applying the law of the case doctrine to successive habeas petitions); *Raulerson v. Wainwright,* 753 F.2d 869, 875 (11th Cir. 1985) (same); *see also McCleskey v. Zant,* 499 U.S. 467, 482 (1991) (recognizing that where a petitioner has filed successive habeas petitions in more than one district court, the dismissal of the first habeas petition is of "vital relevance" to later court determinations of whether to consider similar petitions). Because this doctrine governs sequential § 2241 filings, "a [§ 2241] petitioner may not raise new claims that could have been resolved in a previous [§ 2241] action." *Queen v. Miner,* 530 F.3d 253, 255 (3d Cir. 2008).

### III.

In sum, "Section 2244(a) permits courts to dismiss § 2241 petitions when they raise claims that have already been decided on the merits in a prior § 2241 petition." *Simon v. United States,* 359 F.3d 139, 143 n.7 (2d Cir. 2004). The habeas petition showed on its face that it was subject to summary dismissal on this ground. The savings clause of § 2255(e) does not give the petitioner a second bite at the postconviction relief apple. *Swanson v. Lariva*, No. 2:14-CV-187-WTL-WGH, 2014 WL 4705396, at *2 (S.D.Ind. Sept. 22, 2014)("The essential point is that a prisoner is entitled to one unencumbered opportunity to receive a decision on the merits. Swanson had that opportunity and he used it.")(citing *Potts v. United States,* 210 F.3d 770 (7th Cir. 2000), *aff'd* (June

24, 2015). The petitioner was notified of this and given the opportunity to support the sufficiency of the renewed endeavor. He did not do so while the action was pending. He does not do so now.

There was no viable habeas claim asserted in this case and it was properly dismissed. *McFarland v. Scott*, 512 U.S. 849, 856 (1994)("Federal courts are authorized to dismiss summarily any habeas petition that appears legally insufficient on its face."). The motion for reconsideration, treated as a motion for relief from judgment pursuant to Rule 60(b), [dkt 20] is **denied.**

IT IS SO ORDERED.

Date: __12/4/2015__

Hon. Jane Magnus-Stinson, Judge
United States District Court
Southern District of Indiana


Distribution:

Electronically Registered Counsel

Peter Roukis
Reg. No. 17364-045
Terre Haute U.S. Penitentiary
Inmate Mail/Parcels
P.O. Box 33
Terre Haute, IN 47808